**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**HOLLEY C. GAINES**                                              **PLAINTIFF**

**vs.**                                            **CASE NO.:** ___3:20cv320-DMB-RP___

**COPART, INC.**                                               **DEFENDANT**

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.     COMES NOW Holley C. Gaines (alternatively "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against former employer, Copart, Inc. ("Copart" or alternatively "Defendant"), pursuant to the Families First Coronavirus Response Act ("FFCRA"), Emergency Paid Sick Leave Act ("EPSLA"), which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217. *See* 29 C.F.R. § 826.150, and Family Medical Leave Act as amended, 29 U.S.C. § 2601, et seq. ("FMLA"), and in support thereof states as follows:

## JURISDICTION, VENUE and PARTIES

2.     The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the Plaintiff's rights under the FFCRA and the EPSLA, which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217. *See* 29 C.F.R. § 826.150 and the FMLA.

3.     Plaintiff is an individual who is over the age of eighteen (18).

4.     Plaintiff resides in Desoto County, Mississippi.

5.     Plaintiff worked at one of Defendant's facilities located in Memphis, Tennessee.

6.     Defendant is headquartered in Dallas, Texas, but maintains more than two hundred (200) locations in eleven (11) countries.  It specializes in the resale and remarketing of used,

wholesale and salvage title vehicles for a variety of sellers.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's Tennessee location also conducts business in the Northern District of Mississippi.

## BACKGROUND and FACTUAL ALLEGATIONS

8.     Plaintiff worked for Defendant as a Customer Service Representative from February 4, 2008 until her termination on July 24, 2020, a period of twelve (12) years.

9.     Plaintiff's performance evaluations by Defendant for the year 2019 indicate that Ms. Gaines was an exceptional employee for Defendant that she was "committed to showing up for work."

10.     At some point in mid-July of 2020, Plaintiff became infected with COVID-19.

11.     On July 17, 2020, Plaintiff informed her immediate supervisor that she had tested positive for COVID-19.

12.     Plaintiff, with Defendant's consent, quarantined at her residence thereafter.

13.     From July 17, 2020 to July 24, 2020, Plaintiff continued to communicate with various supervisors regarding her health, contact tracing and her eventual return to work.

14.     Plaintiff's supervisor(s) repeatedly provided her with inaccurate, conflicting and confusing information regarding company COVID-19 protocol for her return to work.

15.     On July 24, 2020, Defendant's message(s) to Plaintiff shifted from getting Plaintiff back to work to informing her that she had been terminated.  Defendant provided no explanation for its decision to terminate Ms. Gaines employment.

16.     Plaintiff sought to appeal the termination, but she was told that the decision to terminate her employment was final.

17.     Congress enacted the FFCRA, in part, to safeguard employees impacted by the COVID-19 pandemic ("COVID-19).

18.     Copart is subject to the FFCRA.

19.     Among the FFCRA's protections is the EPSLA.

20.     The EPSLA mandates covered employers to provide up to two (2) weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

21.     Additionally, 29 C.F.R. § 826.150 prohibits employers from discharging, disciplining, or discriminating against an employee because employee took paid sick leave under the EPSLA.

22.     Likewise, an employer is prohibited from discharging, disciplining, or discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding.

23.     Defendant interfered with Plaintiff's rights under FFCRA and EPSLA.

24.     Defendant retaliated against Plaintiff in violation of her rights under FFCRA and EPSLA.

## **COUNT I – VIOLATION OF THE FFCRA/EPSLA**

25.     Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 24 above as if fully set forth herein.

26.     The EPSLA requires employers to provide up to two (2) weeks of paid sick leave

and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

27.     These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020.

28.     Paid sick time under the EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

29.     The EPSLA also prohibits employers from requiring employees to use or exhaust their paid time off before availing themselves of paid leave under the Act.

30.     Plaintiff was entitled to up to two (2) weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because she contracted COVID-19.

31.     Copart blatantly disregarded its obligations under the EPSLA and refused to pay Plaintiff for her absence.

32.     This is a direct violation of EPSLA's requirements.

33.     An Employer who fails to provide its Employee Paid Sick Leave under the EPSLA is considered to have failed to pay the minimum wage as required by section 6 of the FLSA, 29 U.S.C. 206, and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

34.     Copart's violation of the EPSLA's requirements was willful.

35.     As a direct and proximate result of Copart's violation of the EPSLA, Plaintiff has been damaged.

## <u>COUNT II – RETALIATION UNDER THE FFCRA</u>

36.     Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 24 above as if fully set forth herein.

37.     The EPSLA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

38.     Plaintiff took qualifying leave due to COVID-19.

39.     Plaintiff's leave due to COVID-19 was protected activity.

40.     Despite the EPSLA's requirements, Copart unlawfully terminated Plaintiff after she took leave as a result of contracting COVID-19.

41.     An employer who discharges, disciplines, or discriminates against an employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

42.     Copart violated Ms. Gaines' right under the EPSLA and FLSA.

43.     Plaintiff's termination was an adverse employment action.

44.     A causal connection exists between Plaintiff's protected activity and adverse employment action.

45.     As a direct and proximate result of Copart's retaliation, Plaintiff suffered damages.

## <u>COUNT III – INTERFERENCE UNDER THE FMLA</u>

46.     Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 24 above as if fully set forth herein.

47.     At all times relevant subject to this Complaint, Plaintiff was eligible for FMLA-covered leave.

48.     Copart was Plaintiff's employer as defined by the FMLA.

49.     Copart's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

50.     Copart's interference with Plaintiff's right to take leave from work violated the FMLA.

51.     As a direct, natural, proximate and foreseeable result of Copart's intentional, willful, and unlawful acts, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, liquidated damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and reasonable attorneys' fees and costs.

52.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Copart, which have caused and continue to cause irreparable harm.

53.     Copart's violations of the FMLA were willful.

54.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that the Court:

a.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA or FMLA;

b.      Order Defendant to make Plaintiff whole, by compensating Plaintiff for unpaid sick leave wages, lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's COVID-19 diagnosis and taking of sick leave;

c.  Award attorney's fees and costs pursuant to FFCRA, EPSLA and FMLA;

d.  Award punitive damages; and

e.  Award any other relief this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

THIS the 1st day of December, 2020.

Respectfully submitted,

HOLLEY C. GAINES, PLAINTIFF

Christopher W. Espy, Esq. (MSB#: 102424)
Espy Law, PLLC
P.O. Box 13722
Jackson, Mississippi 39236
Phone: 601-812-5300
Fax:    601-362-8382
Email: chris.espy@espylawpllc.com

**ATTORNEY FOR PLAINTIFF**